UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

**FILED**
JUN 3 0 2009
Phil Lombardi, Clerk
U.S. DISTRICT COURT

GARY CUNNINGHAM,

    Plaintiff,

vs.

DELANOR, KEMPER & ASSOCIATES, LLC

    Defendant.

**09 CV - 421 GKF   FHM**
CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq,* ("FDCPA") from unlawful and illegal debt collection activates by the Defendant Delanor, Kemper & Associates, LLC.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k & 28 U.S.C. § 1331.

3. Plaintiff is a consumer and natural person who resides in Tulsa, Oklahoma

4. Defendant is a debt collector within the FDCPA.

5. Defendant according to the records from the Georgia Secretary of State has a business location at 2221 Peachtree St # 473 Atlanta, Ga 30309 (Fulton County).

6. On or about June 9, 2009 the Plaintiff received a voice mail from an "Investigator Hill" in the investigation unit about a "serious situation" and to call back immediately and speak to Investigator Hill about "case number 272207."

7. Plaintiff called back on June 9, 2009 and spoke to Investigator Hill who stated "that the Defendant would have a *Warrant* issued for the Plaintiff's arrest if the Plaintiff would not pay the balance immediately on the account."

8. On or about June 10, 2009 the Plaintiff and a nephew called and spoke to Investigator Hill about case # 272207, Investigator Hill stated the following: " that their client retained the Defendant to file litigations charges against the Plaintiff and that also the client wants to charged the Plaintiff with check fraud. Also the Defendant stated that they would have the 'paper work' processed through the Tulsa County Magistrate Office to issue a warrant for a bad check charges." Defendant also stated that the balance was $1020 total but that Defendant would reduce the amount to $ 700 if Plaintiff would pay them directly by Friday by Visa or MasterCard. Defendant also stated that their client wants the Defendant to "file charges" in Tulsa to have the Plaintiff arrested and that if the Plaintiff is taken into custody Plaintiff would not be able to get out of jail unless the 'bad check' was paid in full. Defendant also stated that 'Plaintiff had not paid the client in two (2) years and that his case must have 'fell through the cracks' in the system. Defendant stated that if the Plaintiff did not pay them then the Defendant would file the "action" in Tulsa County for a warrant for criminal charges against the Plaintiff. Defendant also stated that he was an investigator for a law firm."

9. On or about June 12, 2009 Plaintiff mailed Defendant a debt validation letter pursuant to 15 U.S.C. § 1692g requesting validation on the alleged debt and a cease and desist letter pursuant to 15 U.S.C. § 1692c requesting no more phone calls to Plaintiff's place of employment or cellular phone.

10. On or about June 15, 2009 Defendant received Plaintiff's debt validation request sent via certified mail # 7008 2810 0001 7630 5835.

11. On or about June 25, 2009 Defendant willfully and in clear violation of Federal law once again called and left a voice mail on Plaintiff's cellular phone stating

the following "This is the investigations unit please call back in 48 hours, your failure to do so will result in us making a decision for you that you will not like."

12. As of the filing of this civil action the Plaintiff has not received any type of debt validation or any notice from the Defendant.

13. Pursuant to 13 O.S. § 176.4 Oklahoma Statute, 18 U.S.C. § 2511 United States Code, and O.C.G.A. § 16-11-66 Official Code of Georgia Annotated all communications between the Plaintiff and Defendant was recorded on an Olympus digital voice recorder to retain proof of all violations committed by Defendant.

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692 *et seq.*

14. Defendant violated § 1692d (2) by using language the natural consequence of which is to abuse Plaintiff.

15. Defendant violated § 1692e (2) (A) by falsely representing the legal status of the debt because Defendant implied the alleged failure to pay the debt was a fraud matter.

16. Defendant violated § 1692e (3) by falsely implying its communication was from a law firm.

17. Defendant violated § 1692e (4) by implying nonpayment would result in arrest because Defendant implied the alleged failure to pay the debt was a fraud matter.

18. Defendant violated § 1692e (7) by implying that Plaintiff committed a crime because Defendant stated it was calling from the investigations unit and investigation a fraud matter.

19. Defendant violated § 1692e(10) by using deceptive means to collect a debt because Defendant implied it was a law firm and also implied that nonpayment was a fraud matter.

20. Defendant violated § 1692e (11) by failing to disclose in communications that it was a debt collector attempting to collect a debt.

21. Defendant violated § 1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication such as the amount, original creditor, right to validation and such.

22. As a consequence of Defendant's willful violations, Plaintiff has suffered from emotional distress.

WHEREFORE, Plaintiff respectfully requests this court to:

1. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k.
2. Actual damages.
3. Punitive damages.
4. Any other relief that this court deems to be just and proper.

THE PLAINTIFF

GARY CUNNINGHAM
P. O. Box 581571
Tulsa, OK 74158
(918) 289-6453